GEORGE PHIPPS, PLAINTIFF-APPELLANT, v. WARREN HULIT, DEFENDANT-RESPONDENT.

Submitted January 20, 1942—Decided February 17, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff-appellant, *Durand, Ivins & Carton* (*James D. Carton, Jr.*).

For the defendant-respondent, *Frank P. Zimmer.*

The opinion of the court was delivered by

CASE, J. The single ground of appeal is that the court erred in refusing to set aside the verdict and to grant a new trial as to damages only.

Plaintiff was a passenger in a car driven by the defendant; whether as an invitee or a licensee was in sharp dispute. The

midnight collision from which the injuries ensued occurred as a result of an effort of the defendant to turn out and pass a car ahead moving in the same direction. The questions of negligence, contributory negligence and extent of injuries were all in dispute and were all charged upon to the jury. The verdict for the plaintiff was in an amount sufficient to cover his doctor's bills, his hospital bills, his loss of salary and his board bill during the time he was incapacitated and the further sum of $600 for pain, suffering and the permanent effects of the injury. Plaintiff conceded freely that his right arm had been impaired before the accident, as it was at the time of the trial; and that he had previously suffered from heart trouble. He testified that beyond that the condition of his health before the accident was very good; but it was brought out that he had been treated for gonorrhea and varicocele; that he had had a nervous breakdown a few years before; that he had suffered from heavy persistent colds; that the heart trouble was myocarditis and of a progressive type which, complicated with asthma, had, three years earlier, confined him to his bed for a period of five months. The plaintiff was evasive in his responses to questions concerning attacks of acute gastritis, of a catarrhal condition and of an acute alcoholism. There was evidence to sustain the finding that on August 12th, 1938, eight months after the accident, there was nothing in his condition to indicate that he would tend to tire more easily because of the injuries sued upon. For reasons that do not appear the plaintiff, for more than ten years last preceding the trial, had procured his automobile driver's licenses not in his true name of George Phipps but in the fictitious name of George T. Phillips.

Plaintiff, approximately 59 years of age, had been variously employed. He had served about twenty years in the army. He had later worked as a hotel clerk. At the time of the accident he was, and for about a year theretofore had been, employed as a cashier in an Asbury Park "bar and grill" room at the salary of $15 per week; and at the time of the trial he was still so employed at the same place with the same duties and, so far as the proofs disclose, at the same salary.

There were the foregoing, and other, elements in the proofs

which could serve to temper the jury's estimate of the credibility of the plaintiff and of the extent and ultimate result of his injuries.

The disposition by the trial court of a rule to show cause why a new trial should not be granted is not subject to review except for such an abuse of discretion as is a shock to reason and to justice. *Nelson* v. *Eastern Air Lines, Inc., et al.*, 128 *N. J. L.* 46. The severance of the question of liability from that of the amount of damages, as is done in the restricting of a new trial to no more than a reassessing of damages, should be exercised with particular care and caution, as this is apt to involve the question of whether the jury, although not satisfied of plaintiff's right to recover, may still, misguidedly and illogically, have brought in a verdict for the plaintiff; and the granting of a new trial, limited to the question of damages only, would leave the plaintiff secure on the finding of liability and give him the opportunity to prove his damages before a jury which would be bound to assume that the finding of liability had been fully deserved. *Degenring* v. *Kimble*, 115 *Id.* 379. Further, the conclusion of the trial judge who, through observation of the various witnesses, may be the better able to appraise credibility will be accorded due consideration by us. *Juliano* v. *Abeles*, 114 *Id.* 510.

There was not an abuse of discretion. The judgment below will be affirmed.